## Juneau vs. Wells *et al.*

MORTGAGE FOR PURCHASE MONEY—DEFECT OF TITLE. Where a grantee with covenants of warranty, and against incumbrances, has entered into possession of the premises conveyed, and has not been evicted by paramount title, and there was no fraud or misrepresentation practiced upon him, he cannot be relieved against, nor defeat a mortgage given for the purchase money, on the ground of want of title in his grantor, but must seek redress upon the covenants in his deed.

APPEAL from the District Court for *Milwaukee* County.

*Peter Juneau* filed his bill in equity against *H. N. Wells* and others, to foreclose a mortgage given by *Wells* to him, to secure the payment of $517 and interest, according to the terms of three promissory notes dated April 12, 1841. The premises embraced in the mortgage

were lots 5 and 9 in block 7, in Milwaukee, on the east side of the river.   *Wells* answered the bill, admitting the, execution of the notes and mortgage, and that they were due and unsatisfied, and alleged that on the 12th of April, 1841, he purchased of complainant the premises mentioned in the mortgage, for $1,700; that the notes and mortgage in question were given to secure the payment of part of the purchase money, and for no other purpose; that complainant executed to him a warranty deed for the premises, with covenants against incumbrances, and that the deed and mortgage and notes were all executed at the same time; that the lots were not, at the said time, clear of incumbrances, but had been assessed and previously sold for taxes, and a certificate of sale had been issued to the purchaser pursuant to law; that such taxes had not been paid, nor the certificate of sale canceled, but that a tax deed had been issued thereon for said lots, pursuant to law, to one James B. Cross, whereby the title of the defendant had been defeated and become vested in Cross; that he had paid nearly $1,200 toward said lots, and had been ready and willing to pay the balance whenever complainant would get up said claim, and had so informed him, but he had neglected to do it.   He prayed that a perpetual injunction might be granted against said notes, etc.   The bill was taken as confessed as against the other defendants, and the cause as to the defendant *Wells* was set down for hearing and heard upon bill and answer. The district court made a decree for the entire amount due on the notes and of foreclosure in the usual form, from which the defendant *Wells* appealed.

*H. N. Wells, in pro per.*

1. The answer shows that there has been a total failure of the consideration for which the notes and mortgage were given, and the complainant had admitted the answer by not taking issue upon the facts, and going to hearing upon bill and answer.   The defendant was entitled to the relief prayed for, and the court should not have given a decree for the complainant. 5 Bin. 365; 11 Johns. 50; 1

Serg. & Rawle, 442 ; 13 id. 390 ; 16 id. 245 ; 4 Pet. 328 ; 6 id. 389 ; 1 id. 382 ; 2 Wheat. 336 ; 1 id. 179.

*Asahel Finch*, for appellee.

1. The defense set up in the answer is available only at law, and is one of which the courts of common law have exclusive jurisdiction. It cannot prevail in equity in a suit brought to foreclose the mortgage. *Bumpus v. Platner*, 1 Johns. Ch. 213 ; *Abbott v. Allen*, 2 id. 519 ; 5 id. 31, 268 ; 4 id. 613 ; 2 Hopk. Ch. 270.

2. Where there has been neither fraud or misrepresentation, and a party has taken a deed without covenants of warranty, he is without any remedy either at law or in equity. *Bates v. Delavan*, 5 Paige, 300. If the defendant had alleged in his answer an eviction by superior title, then the court might have entertained the defense. Until there has been an eviction he will be left to his remedy on the covenants in his deeds.

IRVIN, J. In this case the appellee, *Peter Juneau*, filed his bill in the district court of Milwaukee county, for the foreclosure of a mortgage executed by the appellant to secure the payment of certain notes therein mentioned.

The appellant answered and admitted the execution of the mortgage, and the notes, and that the former was given to secure the payment of the latter, which is a part of the purchase money, but resists the foreclosure for the reason, that the appellee had, at the time of selling and conveying to him the subject of the mortgage, to wit: two lots in the town of Milwaukee, executed to him a warranty deed, and that the property was, at the date of said deed, incumbered with a tax sale, upon which a deed has since been given to the purchaser thereof, and that, by reason of said incumbrance, the title had wholly failed, and there was a total failure of consideration. Upon the bill, answer and exhibits, the cause was heard and a decree of foreclosure given, from which an appeal was taken to this court, where the case has been argued on the same ground on which it was below.

It is admitted by the appellant that he took possession of the property under the deed of conveyance, and has remained in the peaceable and undisturbed possession thereof ever since. Under this state of the case, the only question for us to determine is, whether the mere existence of an incumbrance, unenforced, is a bar to the complainant's recovery.

In the case of *Bumpus v. Platner*, 1 Johns. Ch. 213, the principle is decided, that a purchaser of land with warranty of title, who gives a bond and mortgage to secure a part of the purchase money, and takes possession of the land purchased, and has not been evicted by a paramount title, cannot be relieved against the mortgage, on the ground of a failure of consideration for want of title in the vendor. In the case of *Abbott v. Allen*, the chancellor, in delivering the opinion of the court, says: "This case comes within the general doctrine declared in *Bumpus v. Platner*, 1 Johns. Ch. 213, 218, that a purchaser of land, who is in possession, cannot have relief here against his contract to pay, on the mere ground of defect of title, without a previous eviction. But without resting on the opinion there delivered, I have again examined the question, inasmuch as the doctrine in that case was doubted by the learned counsel who opposed this motion.

If there be no fraud in the case, the purchaser must resort to his covenants, if he apprehends a failure or defect of title, and wishes relief before eviction. This is not the appropriate tribunal for the trial of titles. It would lead to the greatest inconvenience, and perhaps abuse, if a purchaser in the actual enjoyment of land, and when no third person asserts or takes any measures to assert a hostile claim, can be permitted, on suggestion of a defect, or failure of title, and on the principle of *quia timet*, to stop the payment of the purchase money, and of all the proceedings at law to recover it. Can this court proceed to try the validity of the outstanding claim, in the absence of the party in whom it is supposed to reside; or must

he be brought into court against his will, to assert or renounce a title which he never asserted, and perhaps never thought of? I apprehend there is no such practice or doctrine in this court, and that a previous eviction or trial at law is, as a general rule, indispensable."

The doctrine advanced by the chancellor we regard as the correct doctrine, and as fully applicable to this case: *Wagoner v. McEwen*, 1 Green's Ch. 108; *Brole v. Servely*, 8 Leigh. 658; *Grovenour v. Elmendorff*, 5 Johns. Ch. 79; *Woodruff v. Bunce*, 9 Paige, 443; and that the incumbrance suggested is no bar to the complainant's recovery by the foreclosure of his mortgage. By no rule of law can we regard the consideration of the notes as having wholly failed, and whether it may ever fail, we cannot even conjecture; but should it do so, then the purchaser can resort to his covenants of warranty, which was the security, in contemplation of law, agreed upon by the parties. In the full examination of this case, we see no reason why the complainant should be barred from foreclosure and recovery, nor any reason why the decree of the district court should be disturbed. We therefore affirm the decree with seven per centum damages, and order that the same be so certified to be carried into effect.