GEORGE RICARD, Respondent, *v.* EDWARD C. SANDERSON, impleaded, &c., Appellant.

Where one receives a conveyance of land to himself from a mortgagor, in which conveyance is a stipulation, that he, as party of the second part, will pay off and discharge the mortgage, as a part of the consideration of the premises, he is personally liable to the holder of the mortgage for the amount due thereon, although the deed is not signed or subscribed at all by him ; and although it was in fact taken, and by a written agreement made at the time, appears to have been taken, merely as security for an indebtedness owing to him by the firm of which the mortgagor is a member.

(Argued June 25, and decided September 27, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court, in the second district, affirming a judgment upon the report of a referee. The action was for the fore-

closure of a mortgage, and the part of the decree complained of, was that making the appellant (Sanderson) personally liable for any deficiency.

On the 15th of July, 1850, the defendant Dodge was the owner of the real estate described in the complaint, and on that day executed and delivered to the respondent a bond and mortgage thereon, to secure the sum of $2,300, with annual interest.

On the 17th of December, 1857, the defendant, Dodge, executed and delivered a deed of the same premises to the appellant, in which it was inserted that the appellant " hereby covenants and agrees to pay off and discharge the said mor*t*-gage, as and for a part of the consideration money for sa*i*d premises." The deed, with this provision in it, was accept*e*d by the appellant.

At the same time, a contract in writing was entered in*t*o between the defendant, Dodge, and the appellant, by which *i*t appears, that the deed was executed and delivered " for t*h*e purpose of securing the firm of Sanderson & Co. all debts d*u*e or coming due to them from" firms in which Dodge w*a*s interested. No consideration was in fact paid by San-derson to Dodge for said premises, at the time the deed was delivered.

The mortgage became due and was not paid, and respondent proceeded to foreclose it, and made Sanderson a party, and sought to charge him with the deficiency; and as to that he defends. The matter was referred, and the referee reported against him, and he appealed to the Supreme Court. The General Term affirmed the judgment.

*G. M. Spier*, of counsel for appellant, upon the point that Sanderson was not personally liable to the plaintiff, on the covenant in the deed from Dodge to him, cited *Cornell* v. *Prescott* (2 Barb., 16) ; *Marsh* v. *Pike* (10 Paige, 597, and cases cited) ; *Warner* v. *Beardsley* (8 Wend., 197) ; *Pardee* v. *Van Auken* (3 Barb., 536) ; *Jenkins* v. *Ins. Co.* (12 How., 66) ; 4 Kent., 162 ; Story Eq. Jur., § 1023 ; *Halsey* v. *Reed*

(9 Paige, 446); *Curtis* v. *Taylor* (1 id., 432); *Russell* v. *Pistor* (3 Seld., 171); *Burr* v. *Beers* (24 N. Y., 178).

*John H. Reynolds*, of counsel for respondent, relied upon *Lawrence* v. *Fox* (20 N. Y., 268); *Burr* v. *Beers* (24 N. Y., 178).

Murray, J. The appellant's counsel complains in his brief, that the referee has not found upon all the matters in issue, and claims that the judgment should be reversed for that reason. He never has requested the referee to find on those questions, and the referee has never refused. There is, consequently, no exception to any refusal to find on those questions. Under these circumstances, the appellant cannot claim as error the omission of the referee to find certain material facts. (*Grant* v. *Morse et al.*, 22 N. Y. R., 323 ; *Bishop* v. *Main*, 17 Howard, 162 ; *Ingersoll* v. *Bostwick*, 22 N. Y. R., 425.)

The agreement embraced in the deed makes the defendant liable for the deficiency. ·(*Lawrence* v. *Fox*, 20 N. Y. R., 268 ; *Burr* v. *Beers*, 22 N. Y. R., 178 ; *Belmont* v. *Coman*, 22 N. Y. R., 439 ; *Stebbins* v. *Hall*, 29 Barbour, 524.)

There is nothing in the written instrument, executed at the same time with the deed, inconsistent with that liability, and the referee has found there was no mistake in placing that provision in the deed. If there was no mistake, it was the intention of the parties it should be there. There could be no mistaking the meaning of the provision, when there.

I think the judgment on the report of the referee and the judgment of the Supreme Court was right and should be affirmed with costs.

All the judges concurring.

Judgment affirmed.