[L. A. No. 16.   Department Two.—April 1, 1896.]

SAVINGS BANK OF SOUTHERN CALIFORNIA, APPELLANT, *v.* ISABELLA THORNTON, RESPONDENT.  JAMES C. BARR ET AL., DEFENDANTS.

MORTGAGES—DEED AS SECURITY—ASSUMPTION OF PRIOR MORTGAGE—LIABILITY FOR DEFICIENCY.—The rule that where the grantee of mortgaged premises undertakes as part of the consideration of the conveyance to pay the grantor's debt to a mortgagee, the mortgagee can enforce the obligation as having been made for his benefit, and have a personal judgment for deficiency against him upon foreclosure of the mortgage, does not apply where the deed is intended as a mortgage security for a debt of the grantor to the grantee; and, in such case, a promise by the subsequent mortgagee to the owner of the premises to assume and pay the prior mortgage is simply a transaction between the immediate parties to the agreement, which cannot be enforced by the prior mortgagee, nor is he entitled to any personal judgment for deficiency upon foreclosure of the prior mortgage against such subsequent mortgagee.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.  WALTER VAN DYKE, Judge.

The facts are stated in the opinion.

*Albert M. Stephens,* for Appellant.

Mrs. Thornton had knowledge of the deed at least before her agent's death, and is conclusively presumed to have knowledge of the contents. (Civ. Code, sec. 19; Wade on Notices, secs. 46, 47.) And her agent having ratified the security by giving her checks to pay the interest repeatedly, she will be held to have ratified the entire transaction. (Civ. Code, sec. 2311.) Where the grantee of the mortgagor assumes the payment of a mortgage existing upon the mortgaged property, he becomes primarily liable to the mortgagee for the debt, and the mortgagee may sue him for the foreclosure of the mortgage and take a deficiency judgment against him, upon the principle that a contract made expressly for the benefit of a third person may be enforced at any time before the parties thereto rescind it. (*Pellier* v. *Gillespie,* 67 Cal. 582; *Jones* v. *Eddy,* 90 Cal. 148; *Thomson* v. *Bettens,* 94 Cal. 85; *Ricard* v. *Sanderson,* 41 N. Y. 179; *Bassett* v. *Bradley,* 48 Conn. 224.) By accepting the deed the purchaser is bound to pay the debt. (1 Jones on Mortgages, secs. 752, 754.)

*J. T. Houx,* for Respondent.

As the deed was received by respondent as security for the repayment of money loaned, it is in law and equity deemed a mortgage, with all the incidents of a mortgage, and no title passed by it. (Civ. Code, secs. 2888, 2924; *Hall* v. *Arnott,* 80 Cal. 348; *Locke* v. *Moulton,* 96 Cal. 32; *Barry* v. *Hamburg etc. Ins. Co.,* 110 N. Y. 1; *Cole* v. *Cole,* 110 N. Y. 630; *Merced Bank* v. *Rosenthal,* 99 Cal. 39; *McCauley* v. *Smith,* 65 Hun, 620; *Tower* v. *Fetz,* 26 Neb. 706; 18 Am. St. Rep. 795; *Murdock* v. *Clarke* (Cal.), 24 Pac. Rep. 272; *National Bank* v. *Grand Lodge,* 98 U. S. 123; *Odell* v. *Montross,* 68 N. Y. 499.) The deed was never delivered to respondent, but to her father, who had no authority to receive or accept it, and immediately upon learning that the deed contained the assumption and

agreement clause, she conveyed, or offered to convey, the premises back to the Barrs. There was, therefore, no acceptance nor ratification. (*Stuart* v. *Hervey*, 36 Neb. 1; *Forcheimer* v. *Stewart*, 73 Iowa, 216; Civ. Code, sec. 1691.) Knowledge of the existence of a deed given as security for a loan is not sufficient to put a prudent person on inquiry as to an assumption clause of a prior mortgage, for such a clause is entirely unexpected in a mortgage. (*Johnson* v. *Valido Marble Co.*, 64 Vt. 337; *Dickey* v. *Henarie*, 15 Or. 351.) The assumption clause was an implied contract. (*Gaffney* v. *Hicks*, 131 Mass. 124.) And plaintiff could not sue upon it, but would have to show that the agreement was made expressly for his benefit. (*Hamilton* v. *Bates* (Col.), 35 Pac. Rep. 304; *Meech* v. *Ensign*, 49 Conn. 209; 44 Am. Rep. 225; *Boardman* v. *Larrabee*, 51 Conn. 40; *Crowell* v. *Saint Barnabas*, 27 N. J. Eq. 650; *Chung Kee* v. *Davidson*, 73 Cal. 522; *Wright* v. *Terry*, 2 So. Rep. 6; *Barton* v. *Larkin*, 36 Kan. 246; 59 Am. Rep. 541; *Garnsey* v. *Rogers*, 47 N. Y. 233; 7 Am. Rep. 440; *Pardee* v. *Treat*, 82 N. Y. 385; *Root* v. *Wright*, 84 N. Y. 72; 38 Am. Rep. 495; Jones on Mortgages, 3d ed., secs. 756, 757.) As Barrs placed no money in respondent's hands to pay appellant's mortgage, there was no consideration for a promise by respondent to pay appellant's mortgage. (*Gaffney* v. *Hicks*, 131 Mass. 128.)

BRITT, C.—Counsel agree that the plaintiff's appeal was taken from an order of the superior court refusing its motion for new trial, made after the second trial of the case, and we shall so regard it, although on the face of the notice of appeal it is at least doubtful whether it is not directed to a previous order of the court granting a like motion of the defendant Thornton after a former trial.

Defendants James C. Barr and wife, on January 24, 1888, executed to plaintiff their promissory note for the sum of one thousand dollars, payable in two years from date, with interest, and, to secure the same, executed

also a mortgage of certain lands.    On January 24, 1890, said note being mainly unpaid, the defendant Thornton loaned to Barr and wife the sum of four hundred and thirty-two dollars and sixty cents, and as security for its repayment they executed to her an instrument in form a deed absolute of the land previously mortgaged to plaintiff; such instrument (intended as a mortgage) contained a clause to the effect that the second party named therein, said Isabella Thornton, "assumes and agrees to pay" the balance unpaid on the said former note and mortgage.    The Barrs have never repaid to her said sum of four hundred and thirty-two dollars and sixty cents, or any part thereof; and the land is worth less than the sum due to plaintiff.    Plaintiff brought this action to foreclose its said mortgage, and the question for decision here is whether the defendant Thornton is personally liable to the plaintiff for any deficiency which may remain after applying upon its mortgage debt the proceeds of sale of the encumbered land, plaintiff claiming that her agreement with the Barrs was made for its benefit.    (Civ. Code, sec. 1559.)

The respondent urges in support of the order, among other matters, that she never assented to the clause in her mortgage providing that she should discharge the prior mortgage, and that it was inserted without authority from her by the agent who had the business in hand for her; that she did what she could to rescind the contract apparently created by the instrument as soon as she learned of the existence of that clause; and that she received no consideration for such agreement. Without considering these propositions, which are combated by appellant as being unsustained by the evidence, we are of opinion that on other grounds the decision in her favor was right.    This is not the case where the grantee of mortgaged premises undertakes, as part of the consideration for the conveyance, to pay the grantor's debt to the mortgagee, of which transaction several examples are furnished by our reports (*Alvord* v. *Spring Valley Gold Co.*, 106 Cal. 547; *Williams* v. *Naftzger*, 103

Cal. 438; *Biddel* v. *Brizzolara*, 64 Cal. 354); here the promisor, Mrs. Thornton, owed the Barrs nothing, and did not undertake to discharge a debt of her own to them by paying the amount thereof to plaintiff; she undertook to release the land from a prior encumbrance, for the benefit—not of plaintiff—but of Barr and wife, whose property the land remained. "Regarding the conveyance as a mortgage, the stipulation was in effect to advance to the promisee on the security of the property, to discharge prior liens, and was made for the benefit of the promisee only. If such a contract could be enforced by the creditor who would be incidentally benefited by its performance, every agreement by which one party should agree with another, for a consideration moving from him, to become security for him to his creditors, or to advance money to pay his debts, could be enforced by the parties whose claims were thus to be secured or paid." (*Garnsey* v. *Rogers*, 47 N. Y. 233, 241; 7 Am. Rep. 440.) Such benefit, therefore, as plaintiff would derive from the performance of the contract by Mrs. Thornton being merely an incident thereof, no right of action founded on the contract arose in plaintiff's favor. (*Chung Kee* v. *Davidson*, 73 Cal. 522.) Appellant relies on *Ricard* v. *Sanderson*, 41 N. Y. 179, and *Bassett* v. *Bradley*, 48 Conn. 224. But the first of these decisions rested on the supposed authority of previous cases which have been said in this court to have "little persuasive effect" (*Biddel* v. *Brizzolara*, *supra*), and it can hardly now be considered authoritative, even in the court which pronounced it (*Garnsey* v. *Rogers*, *supra; Pardee* v. *Treat*, 82 N. Y. 385; Jones on Mortgages, sec. 756, note 4); and in the Connecticut case the plaintiff, a prior mortgagee, had taken an assignment of the rights of the mortgagor under such a promise of the subsequent mortgagee, and, on that ground, was permitted to maintain the action, the court saying: "In such cases there is little room for the conclusion that the promise was made for the benefit of the prior mortgagee. It is simply a transaction be-

tween the immediate parties." (*Bassett* v. *Bradley*, *supra*. See, also, *Keller* v. *Ashford*, 133 U. S. 624, and cases there cited.) Other difficulties attending the theory of respondent's liability to plaintiff suggest themselves by reason of the maturity of the Barrs' debt to her, and their failure to pay it; but what has been said already suffices for the disposal of the case. The order denying plaintiff's motion for new trial should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order denying plaintiff's motion for a new trial is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.