1842.
—————
Woodruff
v.
Bunce.

---

WOODRUFF *vs.* BUNCE.

Where a contract for the sale of land has been executed by the giving of a conveyance, the court of chancery will not rescind the contract upon the ground of a mere defect of title, where there has been no fraud on the part of the vendor, but will leave the purchaser to his remedy upon the covenants in his deed.

But where the covenants in a deed have been actually broken, and the grantor is insolvent, a court of equity may restrain him from proceeding to collect the whole amount due for the purchase money, from the grantee, and may offset the damages occasioned by the breach of the covenants of seisin or of warranty against such unpaid purchase money.

THIS case came before the court upon a general demurrer to the complainant's bill for want of equity. The object of the suit was to restrain the defendant from proceeding to collect a bond and mortgage given for a part of the purchase money upon the sale of three lots of land, and to recover back the residue of the purchase money which had already been paid. The bill alleged that the defendant contracted to give the complainant a good and sufficient warranty deed of the lots in question, free from incum-

March 1.

brance, and stated that he was the owner thereof; that he afterwards conveyed the same with warranty, and that the complainant took the deed and gave back the bond and mortgage supposing that the deed conveyed a good title, but that he had since discovered the defendant was only one of several executors and was not authorized alone to convey the premises; and that the defendant had brought a suit at law upon the bond, and recovered judgment therein, and was proceeding in chancery to foreclose the mortgage.

*M. T. Reynolds*, for the complainant.

*James Edwards*, for the defendant.

THE CHANCELLOR.   There is nothing that I can discover in this bill to warrant the interference of this court, although if the allegations therein are true the complainant has not obtained the legal title to the three lots under the defendant's deed of warranty.   It is not pretended in this case that the defendant was guilty of any intentional misrepresentation or fraud in relation to the sale of these lots, or that he is not in a situation to procure a perfect title to the premises upon the payment of the residue of the purchase money, by getting all the other executors to join in a conveyance to the complainant.

As a general rule, where a contract to sell has been executed by an actual conveyance, a court of chancery will not rescind the contract on account of the mere defect of title, except in a case of fraud, but will leave the purchaser to his remedy upon the covenants in his deed.   If the covenants have been actually broken and the grantor is insolvent, a court of equity may restrain him from proceeding to collect the whole amount due for the purchase money, and may offset the damages occasioned by the breach of the covenants of seisin or of warranty against such unpaid purchase money.   (*See Simpson* v. *Hawkins*, 1 *Dana's Rep*. 305; 2 *Ch. Ca.* 19.)   Here there is no allegation that the vendor is insolvent, or that there has been any

eviction of the purchaser under a paramount title; nor is it alleged that the complainant is even threatened with a suit for the recovery of these lots. In the case of *Bumpus* v. *Platner*, (1 *John. Ch. Rep.* 218,) Chancellor Kent considered an eviction at law an indispensable part of the complainant's claim to relief in this court, on the mere ground of the failure of title, after the contract of purchase had been executed and the possession of the premises had passed to the grantee. And in the subsequent case of *Abbott* v. *Allen*, (2 *Idem*, 519,) he re-examined the question, and decided that a purchaser of land, who has paid part of the purchase money and given a bond and mortgage for the residue, and is in the undisturbed possession, cannot be relieved against the payment of the bond, or a foreclosure of the mortgage, on the mere ground of a defect of title, there being no allegation of fraud in the sale nor any eviction ; but that he must seek his remedy at law upon the covenants in his deed. In a subsequent case, however, where the purchaser was actually sued for the recovery of the land, by a person claiming a paramount title, the same learned chancellor granted an injunction, ex parte, to stay the vendor from proceeding to enforce the collection of his bond and mortgage until the result of the ejectment suit for the recovery of the land was ascertained. (*Johnson* v. *Gere, Idem*, 546.)

But even this last case is not an authority in favor of sustaining the present bill. The demurrer must, therefore, be allowed, and the complainant's bill dismissed with costs.

Decree accordingly.