Rapallo, J.
 

 The liability of a grantee, who accepts a conveyance by the terms of which he assumes the payment of an
 
 *236
 
 existing mortgage upon the land, to respond directly to the mortgagee for a deficiency, in case of a foreclosure and sale, 'was first adjudged in this State in the case of
 
 Halsey
 
 v.
 
 Reed
 
 (9 Paige, 445). That adjudication was followed in the cases of
 
 Marsh
 
 v.
 
 Pike
 
 (10 Paige, 597);
 
 Cornell
 
 v.
 
 Prescott
 
 (2 Barb., S. C., 16);
 
 Bhyr
 
 v.
 
 Monholland
 
 (2 Laws of Ch., 478), and other cases. In these cases, the sole ground upon which the liability of the grantee was placed, was that as between the grantor and the grantee, the grantee, by such an agreement, became the principal debtor of the mortgage debt, and the grantor stood in the situation of surety for him. That the agreement of the purchaser was given for the indemnity of the vendor, who thus stood in the relation of surety for him, and that the mortgage creditor was entitled to the benefit of such indemnity, upon the principle that where a surety or person standing in the situation of surety for the payment of a debt, receives a security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security, though he did not even know of its existence.
 
 (Curtis
 
 v. Tyler, 9 Paige, 432.)
 

 In
 
 King
 
 v.
 
 Whatley
 
 (10 Paige, 465), this was declared to be the principle of all the cases in which it was held, that such a stipulation enured to the benefit of the mortgagee; and consequently it was held in that case, that when the grantor, in whose conveyance such a stipulation was contained, was not himself personally liable for the mortgage debt, the holder of the mortgage acquired no right to resort to the grantee for payment.
 

 In the case last cited, the chancellor distinctly repudiates the idea of any right being acquired by the holder of the mortgage, in case of such an agreement, on the ground that it was a contract made between the grantor and the grantee, for the benefit of the mortgagee. And he refers to the older English cases which were cited in support of the doctrine^ that if one person makes a promise to another, for the benefijq of a third, that third person may maintain an action on the j promise, and shows that that principle applies only to third .
 
 *237
 
 persons for whose special benefit the promise was intended, and that they rest upon the ground that the person obtaining the promise, and from whom the consideration proceeded, intended it for the benefit of the third person.
 

 The case of
 
 Russell
 
 v.
 
 Porter
 
 (3 Seld., 171), recognizes the ground of liability to be that stated by the chancellor, and in the case of
 
 Trotter
 
 v.
 
 Hughes
 
 (2 Ker., 74), the doctrine of
 
 King
 
 v.
 
 Whatley
 
 was adopted; and it was accordingly held, that although accepting a deed, containing such a stipulation, from a party personally liable to pay the mortgage, rendered the grantee liable to the mortgagee, yet the assumption of the mortgage, in a deed from a party not liable to pay it, did not make the grantee liable, inasmuch as the only ground of liability was that of equitable subrogation of the creditor to all securities held by the surety of the principal debtor; and the grantor, who was not personally liable for the mortgage debt, did not stand in the situation of surety.
 

 Such was, in all the cases upon the subject, recognized as the sole ground of liability until the case of
 
 Burr
 
 v.
 
 Beers
 
 (24
 
 N.
 
 Y., 178), which was an action at law, in which the mortgagee had recovered a personal judgment for the mortgage debt, against a grantee, who had accepted a deed containing the usual clause whereby he assumed the payment of a mortgage, which was a lien upon the premises. Denio, J., in delivering the opinion of the court, after referring to the previous cases on the subject, agrees that they do not proceed upon the notion of a contract between the owner of the equity of redemption and the holder of the mortgage, but upon the principle that the undertaking of the grantee to pay off the incumbrance is a collateral security obtained by the mortgagor which inures, by an equitable subrogation, to the benefit of the mortgagee, and that the judgment under review could not be sustained on the doctrine of those cases, the action not being for a foreclosure of the mortgage, and the mortgagor not being a party. Rut upon the authority of
 
 Lawrence
 
 v.
 
 Fox
 
 (20 N. Y., 268), the judgment was sustained on the broad principle, that if one person make a promise to
 
 *238
 
 another for the benefit of a third person, that third person may maintain an action upon the promise.
 

 » The application of that principle made in the- case of
 
 Lawrence
 
 v.
 
 Fox
 
 has been the subject of much discussion, which it is not proposed to renew here. The case of
 
 Burr
 
 v. Beers, though in conflict with
 
 Mullen
 
 v.
 
 Whipple
 
 (1 Gray, 317), and apparently, in conflict with
 
 King
 
 v.
 
 Whatley
 
 (10 Paige, 465), and
 
 Trotter
 
 v.
 
 Hughes
 
 (2 Ker., 74), may well be sustained for the reasons mentioned by Chancellor Kent, in
 
 Cumberland v.
 
 C
 
 odrington
 
 (3 Johns. Ch., 254, 258, 261), where he intimates that a special agreement between the purchaser and seller of the equity of redemption, by which the amount of the mortgage debt is considered as so much money left in the hands of the purchaser for the use of the mortgagee, would be sufficient ground for a suit at law by the mortgagee.
 

 The cases to which reference has been made, exhibit, I believe, every ground upon which it has been hitherto claimed that a grantee, who, by agreement with his grantor assumes the payment of an existing mortgage on the premises conveyed, becomes personally liable to the mortgagee; and the material question now to be considered is, whether the principles of any of these cases apply to such an agreement, when contained, not in an absolute conveyance, but in a mortgage, or in a conveyance which, in equity, amounts only to a mortgage, and impose upon the second mortgagee making such an agreement, an absolute, continuing, personal liability, which can be enforced by the first mortgagee against the second.
 

 The conveyance from Hermanee to Rogers is found by the referee to have been intended only as a security for an existing debt, and accompanied by an agreement for redemption, and must in equity be treated as a mortgage and nothing more. The covenant therein, whereby Rogers assumed the payment of the prior mortgages held by the plaintiff, should therefore be construed as if contained in a mortgage. It having been established, by repeated adjudications, that a deed, though absolute on its face, may be proved by parol to have been given as security for a debt, and that when that fact is estab
 
 *239
 
 lished it is defeasible by redemption, and vests in the grantee only the rights of a mortgagee, consistency requires that the character thus given to the instrument should affect all its parts, and that the obligations which it purports to impose upon the grantee should have no greater effect than if the defeasance, which is proved by parol, had been incorporated in the instrument; especially when third parties claim equitable rights under such covenants.
 

 Assuming for the moment that in such a case the agreement of the grantee or mortgagee to pay off' prior incumbrances is founded upon a sufficient consideration, it is still difficult to see how it can be brought within the principle of the earlier cases cited, they being all founded upon the doctrine that as between the grantor and grantee the latter becomes the principal debtor for the mortgage debt, which has been allowed him out of the purchase-money. Where he takes only a mortgage he owes no money for the land, which he can promise to pay to the prior mortgagee, for he does not acquire title to the land. To become a debtor to any one, he must owe a debt. Where he buys the land absolutely for a stipulated price, and instead of paying the whole of it to his grantor, he is allowed to retain a part, which he agrees to pay to a creditor of .the grantor having a lien upon the land, the amount which he thus agrees to pay is his own debt, which by arrangement with his grantor he has agreed to pay to the creditor of the latter, and although this arrangement, not being assented to by the creditor, does not discharge the grantee from liability, yet as between him and the party who has thus assumed it, the grantor is a mere surety. If the grantee pays it, he pays only what he agreed to pay for the land, and pays it in the manner agreed upon. And there is no hardship in allowing either the grantor or the mortgagee to enforce its payment. But in the case of a party having the land merely as security,1 such an undertaking is simply a promise to advance money to pay the debt of his grantor or mortgagor, which money when advanced the junior mortgagee can collect under his mortgage. (
 
 Western Ins. Co.
 
 v.
 
 Village of Buffalo,
 
 
 *240
 
 1 Paige, 284.) If Rogers had. paid the liens in question, and on a foreclosure of his own mortgage the premises had not brought enough to satisfy it, together with the sums paid by him to discharge the prior liens, Hermanee would have been liable to him for the deficiency.
 

 Where a party, taking from his debtor a lien on property subject to prior liens, assumes and pays them off, he is certainly entitled to add the amounts so paid to his original debt; the payments, though made in pursuance of his agreement, are made for the benefit of the debtor, and upon his debts, and to protect him and his property. It is obvious that an agreement of this character is a mere agreement to advance, and not a security in the hands of the grantor as surety, available to the parties in whose favor the prior liens exist, on the ground of equitable subrogation.
 

 The judgment cannot be sustained on the principles which prevailed prior to the case of
 
 Burr
 
 v.
 
 Beers
 
 (24 N. Y., 178), and the next inquiry is whether it can be sustained on the doctrine of that case.
 

 Was this a promise made to Hermanee for the benefit of the plaintiff 1 I do not understand that the case of
 
 Lawrence
 
 v.
 
 Fox
 
 has gone so far as to hold that every promise made by one person to another, from the performance of which a third would derive a benefit, gives a right of action to such third party, he being privy neither to the contract or the consideration. To entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited; and all that the case of
 
 Lcmrence
 
 v.
 
 Fox
 
 decides is, that where one person loans money to another, upon his promise to pay it to a third party to whom the party so lending the money is indebted, the contract thus made by the lender is made for the benefit of his creditor, and the latter can maintain an action upon it without proving an express promise to himself from-the'party receiving the money. Johnson, O. J., and Denio, J., placed their votes upon the distinct ground that the contract could be regarded as having been made by the debtor as the agent of his credi
 
 *241
 
 tor, and that the latter could ratify the contract thus made for his benefit. In Burr v.
 
 Beers
 
 (24 N. Y., 178), the amount due upon the mortgage was reserved out of the purchase-money and left in the hands of the purchaser, upon his agreement with the vendor to apply it to the payment of the mortgage debt. The purchaser was bound to pay the whole price, but by this agreement a portion of it was set apart for the use of the mortgagee, and the purchaser undertook to pay it to the mortgagee, and no one else. Yo other person was entitled to receive it. That arrangement was regarded as a contract made for the benefit of the mortgagee, and it was held that he could enforce it. In that case the purchase-money was in fact a fnnd in the hands of the purchaser, which he had agreed to apply to the use of the mortgage creditor. In performing that agreement he would have done nothing more than to pay his own debt in the manner in which he had agreed to pay it.
 

 But in the present case the agreement was not to apply money which the promisee delivered for the purpose, or which was due him from the promisor, to the use of a third party, hut the promisor engaged to advance his own money lor the purpose of protecting the property of the promisee, which advance when made would become a lien on the property of the promisee. Regarding the conveyance as a mortgage, the stipulation was in effect to advance to the promisee on the security of the property, to discharge prior liens, and was made for the benefit of the promisee only.
 

 If such a contract could be enforced by the creditor who would he incidentally benefited by its performance, every agreement, by which one party should agree with another, for a consideration moving from him, to become security for him to his creditors, or to advance money to pay his debts, could be enforced by the parties whose claims were thus to be secured or paid. I do not understand any case to have gone this length. This is not the case of a trust. If the property had been conveyed to Rogers, in trust, to pay the plaintiff’s claims, the legal estate would have vested in Rogers, and he would
 
 *242
 
 have been compelled to execute the trust. Biit no such trust was declared in the deed, nor could it be created by parol, as to real estate.
 

 It must further be considered, that, where such an assump-'tion is made on an absolute conveyance of land, it is unconditional and irrevocable. The grantor cannot retract his conveyance, .or the grantee his promise or undertaking; but, when contained in a'mortgage, the conveyance is defeasible. The grantor reserves the right to annul it by paying his debt, and, when he does so, he discharges the agreement to pay the prior mortgage. The reservation of this right is inconsistent with the idea that the assumption by the grantee was for the benefit of the prior mortgagee; for, if it were, the grantor would have no control over the rights thus acquired by a third party. The reservation of this control by the grantor shows • that the agreement was for his benefit only, and prevents its enuring to the benefit of any third party. In the present case, the control had actually been exercised, and the grantor had redeemed and resumed the enjoyment of his property, in pursuance of the condition, before this action was commenced,- and the grantee had ceased to have any interest in or claim upon it.
 

 I am not quite prepared to hold that the agreement of the defendant, to pay the prior mortgages, was absolutely void for want of consideration.
 

 In the case of
 
 Ricard
 
 v.
 
 Sanderson,
 
 41 N. Y., 179, the property was placed in the hands of Sanderson for the purpose of securing debts due not only by the grantor, but by others, and not to Sanderson individually, but to a firm of which he was a member. The agreement was in writing, and its terms are not given in the case as reported, and it may be that they created a trust in Sanderson, and that the legal title was vested in him. Moreover, the case does not show that the instrument or the title, or possession of Sanderson under it, had at the time of the recovery against him been extinguished or terminated in pursuance of any condition to which it was subject.
 

 
 *243
 
 It may be that constituting Rogers mortgagee in possession, of real estate exceeding in value the amount of his debt, was a consideration for the undertaking of Rogers to advance the money necessary to pay off the prior liens, and that while the mortgage remained in force, and Rogers continued in possession, Hermanee could have compelled the performance of that agreement for the protection of his own estate. It is true that the giving of the security was less, so far as the defendant was concerned, than Hermanee was already under a legal obligation to do. It was not so beneficial to the defendant as would have been the payment of his claim. But at the same time it was an act which Hermanee was not legally bound to perform, and which might be prejudicial to him; and it was not unreasonable that when he parted with the possession of his property, and added to the previous incumbrances thereon, thus disabling himself from protecting it, he should exact of the party to whom he thus gave it as security, that he should protect it; and the latter may have been willing to bind himself to do that which, without any agreement, he might have been obliged to do to protect his own security. A stipulation by a mortgagee in possession to keep down prior mortgages, taxes, etc., might, perhaps, be enforced by the mortgagor. But when the mortgage is canceled, and the mortgagor is restored to the enjoyment of the property, such stipulations are extinguished with the mortgage.
 

 The judgment should be affirmed with costs.
 

 All concur.
 

 Judgment affirmed.