## JOSEPH W. CAMPBELL, APPELLANT, *v.* JAMES R. SMITH, RESPONDENT.

*Deed — assuming mortgage — covenant enures to benefit of mortgagee — Distinction between such covenant when made by grantee and mortgagee.*

H. and wife executed a mortgage, which was duly assigned to C. Afterward H. and wife sold the premises to B., and executed a deed therefor without the name of any grantee, but with a blank space left for the insertion thereof. The deed contained full covenants of title, and a clause subsequent to the "habendum," in the following words (after enumerating certain other mortgages): "Subject to the payment of another certain indenture of mortgage now upon the within described premises, amounting to $3,000" (meaning the mortgage in question), "which said mortgage the said party of the second part hereby agrees to assume, pay off and discharge, the same having been allowed out of the consideration or purchase money hereinbefore expressed."

B. was indebted to a firm of which defendant S. was a member, and afterward agreed with S., by parol, that he should insert the name of S. as grantee in the deed; that S. should take the title, and that the profits therefrom should be applied on account of the said indebtedness of B. to the defendant's firm. B. accordingly inserted the defendant's name in the deed and had the same recorded, with his knowledge and assent.

Afterward B. procured a purchaser for the premises, and contracted in his own name for the sale thereof, and S., in pursuance thereof and at the request of B., granted and conveyed the premises to such purchaser, in fee simple, by deed, with the usual full covenants, including covenant of seizin, subject to the said mortgage and other incumbrances; and this deed contained a clause similar to the other, providing for the assumption and payment of said mortgage by such purchaser. The mortgage was foreclosed, S. not being made a party, although his grantee was; but no judgment for deficiency was demanded against him. C. purchased in the premises on the sale, and brought his action against S. on the covenants in the deed from H. to S., to recover the deficiency on such sale.

*Held*, that S., as regarded H., was the absolute owner in fee of the premises, and bound to pay the consideration agreed upon for the purchase; that the rights of the parties were not to be determined by the facts existing at the execution of the blank deed, but by those existing when S. consented to take the deed with a covenant to pay the plaintiff's mortgage; that the defendant, by the deed, took the property of H. and agreed to pay its purchase-price to the plaintiff.

*Lawrence* v. *Fox* (20 N. Y., 268) followed; *Garnsey* v. *Rogers* (47 N. Y., 233) distinguished.

APPEAL from a judgment entered in favor of the defendant, on the decision by the court, a jury trial having been waived.

On the 29th of April, 1871, Maria C. Hood and John M. Hood,

her husband, duly executed, acknowledged and delivered to Edwin R. Dillingham a bond and mortgage on the separate property of said Maria C. Hood, who was the owner thereof in fee simple, which bond and mortgage were duly assigned to the plaintiff September 16, 1871, and such assignment recorded October 20th, 1871, on which there is due and unpaid $3,000 and interest from September 3d, 1874.

A short time prior to June 25th, 1872, said Maria C. Hood and John M. Hood agreed with one N. W. Burtis to sell to him the said premises, subject to the incumbrances upon it, for $2,000, in the notes of said Burtis, and that said mortgage, then a lien thereon, together with other incumbrances, should be assumed.

The said Maria C. and John M. Hood, on the 25th day of June, 1872, duly executed, acknowledged and delivered to said Burtis a deed of said premises, without the name of any grantee (*i. e.*, party of the second part thereto) therein, but with a blank space left for the insertion thereof; said deed then contained full covenants for title and a clause, subsequent to the "*habendum*," in the following words (after enumerating certain other mortgages): "Subject to the payment of another certain indenture of mortgage, now upon the within described premises, amounting to $3,000" (meaning the mortgage in question), "which said mortgage the said party of the second part hereto agrees to assume, pay off and discharge, the same having been allowed out of the consideration or purchase money hereinbefore expressed."

Burtis then paid the grantors in said deed $2,000 in his, Burtis', notes, and they, by parol, authorized said Burtis to fill into the blank left therefor in said deed the name of any person he chose as grantee, and to deliver the same to such grantee.

Burtis was then indebted to a firm, of which the defendant was a member, and shortly thereafter agreed with said defendant, by parol, that he, said Burtis, should insert the defendant's name as grantee in the said deed, and that the defendant should take the title, and that the profits therefrom should be applied on account of the said indebtedness to the defendant's firm; and thereupon said Burtis, in pursuance of his said authority and said agreement, inserted the name of the defendant as grantee in said deed, and had the same recorded with the knowledge and assent of said defendant.

Thereafter said Burtis procured a purchaser for said property and in his own name contracted for the sale thereof, and the defendant, in pursuance thereof and at the request of said Burtis, granted and conveyed the same to such purchaser in fee simple, by deed, with the usual full covenants, including covenant of seizin, subject to the said mortgage and other incumbrances; and the deed contained a clause, similar to that quoted above, providing for the assumption and payment of said mortgage by such purchaser.

The plaintiff subsequently foreclosed said mortgage without making said defendant a party thereto, and the amount above found due is the amount due thereon after deducting the amount realized thereon from the sale under the judgment in said action. The grantee of the defendant was made a party to said action, but no judgment for deficiency was demanded or taken against him.

The plaintiff purchased the premises at the foreclosure sale, and upon the trial of this case offered, upon being made whole, to convey the same to the defendant.

*R. & G. Ingraham*, for the appellant.

*D. P. Barnard*, for the respondent.

BARNARD, P. J.:

I do not think this case falls within the principle established in *Garnsey* v. *Rogers* (47 N. Y., 233). In that case no title passed to the defendant. The deed in which his covenant to pay incumbrances was contained, was, as between the parties to it, a mortgage only. The court held that a covenant by a mortgagee with the mortgagor to pay a prior mortgage was a promise for the benefit of the mortgagor only, and could not be made the basis of an action by the prior mortgagee. In this case Burtis agreed with the Hoods to pay a prior mortgage (the one held by plaintiff) as part of the purchase money. They had signed the bond and mortgage, and were personally liable upon it. They gave Burtis an absolute deed in blank, with leave to fill in the name of any grantee. He filled in defendant's name as grantee with his assent.

The defendant as against the Hoods became the absolute owner in fee of the lands. As to them he is bound to pay the considera-

tion agreed upon for the purchase. The rights of the parties are not to be determined by the facts existing at the execution of the blank deed, but by those existing when defendant consented to take the deed with a covenant to pay the plaintiff's mortgage. By that deed defendant took Hood's property and agreed to pay its purchase-price to plaintiff. The case thus comes, I think, within the principle of *Lawrence* v. *Fox* (20 N. Y., 268).

I think there should be a new trial, costs to abide event.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted, costs to abide event.