Arnaud *v.* Grigg.

PETRUS ARNAUD

*v.*

WILLIAM GRIGG and others.

Where there was a stipulation in a deed absolute on its face, but in reality a mortgage, that the grantee assumed and agreed to pay a prior mortgage on the premises, and it appeared, as well by the defeasance as otherwise, that the grantee was not in fact, as between him and his grantor, liable upon the assumption, the latter having in the defeasance itself covenanted to pay the principal and interest of the mortgage in question, thereby indemnifying the grantee against his assumption,—*Held*, that the grantee was not liable on the assumption to the prior mortgagee.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. A. S. Boyd*, and *Mr. F. R. Coudert* of New York, for complainant.

*Mr. A. Zabriskie*, and *Mr. B. F. Einstein* of New York, for David Mayer.

THE CHANCELLOR.

The only question discussed and submitted for adjudication on the hearing, was as to the liability of the defendant David Mayer to pay the deficiency which might exist after applying the net proceeds of the sale of the mortgaged premises to the amount due the complainant on his mortgage.

The complainant insists that Mr. Mayer is liable to pay the deficiency by reason of an assumption to pay the complainant's mortgage, contained in a deed from Esther Lichtenstein and her husband to him, for her interest (an undivided half) in the mortgaged premises.

Mr. Mayer alleges that that deed, though in form absolute, was merely a mortgage. It is dated August 28th, 1872, but

Arnaud *v.* Grigg.

was not recorded until August 12th, 1873. On the 11th of August, 1873, the day before the deed was recorded, Mrs. Lichtenstein (her husband was then dead) and Mr. Mayer executed an instrument of writing, under their hands and seals, by which, after reciting the conveyance, it was further recited that, at the time of the execution and delivery of the deed of conveyance, Mrs. Lichtenstein was justly indebted to Mr. Mayer in the sum of $5,350 and interest, which debt was evidenced as follows: By her note for $2,000, dated May 16th, 1871, payable two months after date; her note for $1,000, dated April 13th, 1872, payable two months after date; her note for $2,000, dated May 23d, 1872, and payable three months after date; and her check for $350, dated July 17th, 1872—all payable to the order of and endorsed by her husband; and that the deed, though absolute in its terms, was, when it was executed and delivered, and still was, intended and was given, received and accepted as collateral security for the payment of the before-mentioned sum of $5,300, with interest on $2,000 thereof from July 19th, 1871; on $1,000 thereof from June 16th, 1872; on $2,000 thereof from July 26th, 1872, and on $350 thereof from July 17th, 1872, and further, that it was expressly agreed and understood by and between the parties, Mr. Mayer and Mrs. Lichtenstein, at the time of the execution and delivery of the deed, that whenever that sum of $5,350 and the interest thereon should be paid to him, he would reconvey the premises to her, her heirs or assigns. And it was further stated that that instrument of August 11th, 1873, was executed and delivered to explain and evidence the true intent, meaning and purpose of the deed. Mayer then covenanted thereby that, on receipt of the $5,350 and interest, he would reconvey the property, fully and absolutely, to Mrs. Lichtenstein, and that he would not sell or dispose of it, nor encumber it or any part of it, without her written consent; and that, on selling it, if he should do so, he would account and pay over to her the surplus of the price, after retaining his debt. Mrs. Lichtenstein thereby covenanted that she

would pay one-half of all taxes, assessments and charges which might be legally imposed on the property, or any part of it, and one-half of the interest, as it should accrue, on the complainant's mortgage, which was on the whole premises, and one-half of the principal thereof and all the interest and principal, as they should become due, of a subsequent mortgage, given by her to Henry Goldsmith, on her half of the property.

That Mrs. Lichtenstein was, at the time of the execution of the deed to Mr. Mayer, indebted to him in the amount and on the notes and check mentioned in the defeasance, is proved. Both he and she swear to it. He produces the notes and check and his memorandum-book, in which they are noted among memoranda of other loans made by him to her. He alleges in his answer that the deed from her to him was merely a mortgage given to secure the money due him from her. That it was merely a mortgage, the defeasance is evidence. Both he and she swear to the fact also. There is, besides, other evidence to the same effect. It appears that, after the deed was given, she paid all the interest which was paid on the Goldsmith mortgage. She paid it in full up to the 15th of February, 1875, and gave her check for that which fell due on the 15th of August following, on which check she paid $75, and the rest is unpaid. She appears also, by the receipt which is offered in evidence, to have paid the interest which became due on the 10th of June, 1873, on the complainant's mortgage. Mayer, however, furnished her with one-half of the money. His wife, who was Mrs. Lichtenstein's sister, owned half of the property, and he appears to have paid interest for them on the complainant's mortgage before the conveyance by Mrs. Lichtenstein to him. According to the receipt, which is offered in evidence, he paid the interest which became due in December, 1871, eight months before the deed to him was executed, but whether he lent Mrs. Lichtenstein the half which she was bound to pay, does not appear.

Again, by a receipt given by him to her on the 19th of November, 1874, he states that he holds the deed as security for money due him from her. The statements which, according to the testimony of witnesses produced on the part of the complainant, she made after the deed to Mayer was executed, to the effect that she had conveyed away or parted with the property, or her interest therein (which statements, however, she swears she did not make), cannot countervail the proof which the defeasance and the receipt, and the fact of the indebtedness from her to Mayer, and the other circumstances above referred to, furnish, that the deed was merely a mortgage. The debt was a continuing debt. The instrument of August, 1873, declares that the deed was made and accepted merely as security for the payment of that debt.

If the deed was indeed a mortgage merely, the complainant has no claim to a personal decree for deficiency against Mayer. He is not, in that case, liable to Mrs. Lichtenstein on the assumption contained in the deed. Obviously, under such circumstances, he would not be bound to indemnify her against the complainant's mortgage.

By the instrument of 1873, she expressly covenanted that she would herself pay half of the principal and interest of that mortgage. His wife, as already stated, owned half of the property, and she was bound as between her and Mrs. Lichenstein to pay half of the principal and interest.

If the agreement of assumption in the deed was available to the mortgagee up to the time when the defeasance was made, it surely was not so afterwards; for Mrs. Lichtenstein therein agreed to pay the mortgage herself. That was, in effect, a release of any liability under the assumption. It substantially extinguished it, and it was, thenceforward at least, no longer available to the mortgagee. The equity on which the relief of the mortgagee depends in case of assumption by the grantee of the mortgaged premises, is the right of the mortgagor against his vendee, to which the mortgagee is permitted to succeed by substituting himself in the place

Arnaud *v.* Grigg.

of the mortgagor. *Halsey* v. *Reed*, 9 *Paige* 445 ; *Garnsey* v. *Rogers*, 47 *N. Y.* 233 ; *Crowell* v. *Hospital of St. Barnabas*, 12 *C. E. Gr.* 650.

The complainant's counsel insist that the principle of the decision of the supreme court (8 *Hun* 6) and the court of appeals of New York in *Campbell* v. *Smith* (a note only of the decision, not yet reported, of the latter court has been handed to me) is applicable to and governs this case; the contract having been made in New York. But whether judged by the laws of New York or of this state, the complainant is not entitled to a decree for deficiency against Mayer. In the case of *Campbell* v. *Smith*, the purchaser of land received from the seller a deed for it in blank as to the name of the grantee, but containing an assumption by the grantee of a mortgage on the premises subject to which the property was sold, and the amount of which was allowed in the sale as so much of the purchase-money. The purchaser agreed with a creditor of his that the latter should take the deed for the property and pay his debt out of the rents and profits, and that the name of the latter should be inserted in the deed as grantee, which was done accordingly. It was held that the creditor was liable to the mortgagee on the assumption, on the ground that, by the deed, he took the grantor's property and agreed to pay the mortgage as part of the purchase-money. The courts appear to have distinguished the case from *Garnsey* v. *Rogers*, the authority of which was not denied.

The assumption in the deed from Mrs. Lichtenstein to Mayer was clearly not made for the benefit of the mortgagee. In *Garnsey* v. *Rogers*, it was held that a stipulation in a deed, absolute on its face, but intended as a mortgage, whereby the mortgagee assumes and agrees to pay a prior mortgage on the premises, does not impose on the grantee a personal liability to pay the prior mortgage debt which can be enforced against him by the prior mortgagee.