EDWARD D. ROE, APPELLANT, *v.* FREDERICK BARKER AND OTHERS, RESPONDENTS.

*Contract of sale of land — agreement by assignee of the vendee to pay the vendor — not enforceable by the latter, when the assignment is only collateral to a debt.*

Plaintiff contracted to sell a lot to one Hammell for $1,350 ; $300 to be paid in cash and the balance in five equal annual installments, with interest. The cash payment was made and the first year's interest was paid. Thereafter Hammell assigned the contract to defendants in payment of an existing debt, and for an advance then made, reserving the right to redeem on payment of the amount due. The defendants, at the time of such assignment, agreed therein to pay the amount due on the contract to plaintiff.

In an action to recover the amount due, Hammell not having redeemed, *held*, that the assignment being a conditional one, the defendants were not liable to the plaintiff therefor.

MOTION for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, after a nonsuit directed at the circuit.

October 15, 1873, the plaintiff sold to one Hammell, by written agreement, a lot situate in Elmira, for the sum of $1,350. $300 was paid at the date of the agreement, and the balance was to be paid in five equal annual payments, with interest annually thereafter. The first year's interest, $73.50, was paid October 15, 1874. On the 9th of June, 1875, Hammell was indebted to the defendants in the sum of about $200, and in consideration of the sum of $300 to be paid to Hammell by the liquidation of Hammell's indebtedness, and by his trading the balance out of defendants' store, and the defendants agreement to pay the balance unpaid on said contract, he sold and assigned to them all his title and interest therein. At the time of this sale it was verbally agreed between Hammell and the defendants that if Hammell got able he might redeem the premises, by his paying to them all they had paid. No time was fixed, in which he had this privilege. October 15, 1875, a second payment became due, and Hammell testified that soon thereafter Rose, one of the defendants, requested him to see the plaintiff and get the time extended until April first thereafter, promising that if this was done, the defendants would then meet the obligations of the contract without fail, and in addition would pay the plaintiff interest from said October fifteenth on the moneys then due. At this time Hammell told Rose, in answer to a question to that effect, that he did not think he would be able to take the contract back. Hammell did not redeem. This action was brought to recover the two payments, amounting to $420 ($210 each), the last one falling due October 15, 1875, with the interest thereon. At the close of plaintiff's evidence he was nonsuited, upon the ground " that the right to redeem the contract, which was reserved by the assignor (Hammell), rendered the assignment conditional and not absolute," and that by reason thereof the plaintiff could not recover.

*John T. Davidson*, for the appellant.

*J. R. Ward*, the respondents.

*Per Curiam :*

Where a promise is made to one to pay money to another, and the latter has been allowed to recover thereon, it has usually been on the theory of a *quasi* equitable assignment by the promisee to the party interested. As the promisee might transfer, and in some cases ought to transfer, the claim on the promise to the party in interest ; therefore, it has been held, in certain cases, that the party interested may have the same rights as if the promisee had in fact transferred to him, as he ought to have done. That is to say, the party interested, when he can recover on the promise, must do so as holder of the promisee's rights, and therefore must be subject to all the equities which exist against the promisee.

In this present case Hammell assigned the contract, really as security for a debt, which he owed to the defendants. He retained a right to redeem. Hence the agreement by the defendants to pay was only an agreement to advance an installment on the contract, which would have to be repaid by Hammell. It could not be that the defendants were to pay the installment, leaving Hammell a right to redeem, without repaying also the money which should be thus advanced.

Allowing the plaintiff then to stand in Hammell's place, and thus to have the benefit of the agreement, he would take only such rights as Hammell had. And these, at the best, included only a right that the defendants should advance the installment, which advance being for Hammell's benefit should be repaid to him by Hammell.

Thus the case is very different from one where such a contract is assigned absolutely, and the assignee, in order to protect the assignor against future liability, promises that he will himself pay all future installments. In that case the neglect to pay would give an absolute right of action by the assignor against the assignee, with no liability afterwards to refund. And on that ground it has been thought equitable, that the party to whom the money is to be paid should have a right of action, as it were, by an equitable assignment thereof. (*Garnsey* v. *Rogers*, 47 N. Y., 237.)

Judgment should be ordered on the nonsuit for defendants, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment ordered on nonsuit for defendants, and motion for new trial denied, with costs.