MYRON F. PARDEE, RESPONDENT, v. SYLVESTER W. TREAT, WILLIAM HENDERSON AND HARVEY C. BEACH, APPELLANTS.

*Deed — when it is in equity a mortgage — covenant in, to pay incumbrances — when the grantee is liable on.*

One Gaylord was the owner of certain real estate in the city of Rochester valued by him at $80,000, which was subject to two mortgages of $20,000 each, and other incumbrances amounting to about $10,000. He was also indebted to the plaintiff to the amount of $5,000, and was defending an action brought by the plaintiff for its collection. Being apprehensive of bankruptcy proceedings, he withdrew his answer, allowed the defendant to take judgment, and conveyed the property to him by a deed, with the consideration expressed therein of $54,689 (the amount of the incumbrances). The deed contained a covenant by which the defendant assumed and agreed to pay all the incumbrances and liens on the property conveyed thereby. The defendant at the same time agreed with Mrs. Gaylord to sell the property to her at the consideration expressed in the deed, on a day named, and she agreed to then pay him the said sum therefor

*Held,* that the transaction was in fact a mortgage and not a conditional sale.

That as, under any circumstances, the defendant would have a fund wherewith to pay the incumbrances (either the real estate or the consideration named in the deed), he was personally liable to the holders thereof on his covenant in the deed.

*Garnsey* v. *Rogers* (47 N. Y., 233), distinguished.

APPEAL from a judgment in favor of the plaintiff, entered on

the decision of the court at the Oswego Circuit, a jury having been waived.

This action was brought to recover the amount of a judgment docketed June 26, 1874, in favor of one Larry Lewis and the plaintiff, against one John B. Gaylord. Lewis had before the bringing of the action assigned his interest to the plaintiff. October 26, 1874, Gaylord and wife conveyed certain real estate owned by him to the defendants, the deed providing " that this conveyance is made subject to the mortgages, judgment and taxes which are now a lien upon said premises, and which the said parties of the second part hereby assume and agree to pay, as part of the consideration hereinbefore named."

The defendants claimed that the deed was only intended as a mortgage, and that, for that reason, they were not liable upon the said covenant.

*E. H. Avery*, for the appellants.

*Edwin Allen*, for the respondent.

SMITH, J. :

The plaintiff recovered upon the ground that by the covenant to pay prior incumbrances, contained in the deed executed by Gaylord and his wife to the defendants, the latter incurred a personal liability which can be enforced against them by the prior incumbrancers.

The principal grounds on which the appellants ask for a reversal of the judgment are, first, that the deed was never delivered to the defendants or accepted by them ; and, secondly, that the deed, although absolute in form, was, in fact, a mortgage, and that, consequently, the covenant in question is not one which the prior incumbrancers can enforce, but is for the benefit of the grantor or mortgagor only, to protect his property by advancing money to pay his debts.

We are satisfied that the evidence supports the finding of the judge, that the deed was delivered to the defendants and accepted.

The question whether the transaction between Gaylord and wife and the defendants was a conditional sale, as found by the judge, or a mortgage, is not so clear. The facts upon which the question turns may be briefly stated. At the time of executing the conveyance Gaylord was embarrassed by debts, and was

apprehensive that proceedings in bankruptcy would be instituted against him. He owed the defendants over $5,000, for which they had sued him, and he had put in a defence. He owned real estate in the city of Auburn valued by him at $80,000, which was subject to two mortgages of $20,000 each, the junior of which was in process of foreclosure. There were subsequent incumbrances on the property, consisting of judgments and taxes, amounting to about $10,000, making a total incumbrance of about $55,000, including the defendants' claim in suit. In these circumstances the parties made an arrangement, in pursuance of which Gaylord withdrew his answer and let the defendants take judgment, and he and his wife conveyed the said real estate to the defendants, by a deed absolute in form, in which the consideration expressed was $54,689 (which was supposed to be the exact amount of the indebtedness above mentioned). The deed contained the covenant in question. At the same time the defendants executed to Mrs. Gaylord a contract in writing and under seal, by which they agreed to convey said property to her on her paying to them the said sum of $54,689 by the 1st day of January, 1881, with interest, which she therein agreed to do, and by which also they agreed she should have immediate possession. She also agreed to keep the buildings insured and to pay all taxes. The contract to deed to the wife was insisted on by Gaylord, as a condition of the conveyance. These facts are established by uncontroverted testimony. It seems clear that the only object of the defendants in entering into the arrangement was to secure their debt, and that Gaylord's purpose was to gain time, in the hope that before the contract matured he would be able to pay the amount of the incumbrances and redeem the property. Gaylord still remained the debtor of the defendants, one of the objects of the arrangement being to enable them to put their claim into judgment without further delay, and to make it a lien on the real estate so conveyed. The continued existence of the debt we regard as controlling evidence that the transaction was intended as a mortgage and not as a conditional sale. Clearly it would have been so, if the contract of sale had been to Gaylord instead of his wife. (4 Kent's Com., 144, note [a], and cases there cited.) But it is apparent that Gaylord caused the contract to be made

to his wife for his own benefit, and because he was embarrassed by his debts. We incline, therefore, to the opinion that the deed is to be regarded as a mortgage.

But whether the transaction is a mortgage or a conditional sale, we think that the covenant of the defendants makes them personally liable to the holders of the incumbrances which they covenanted to pay. That such is the case, if the transaction was a sale, is not questioned. (*Burr* v. *Beers*, 24 N. Y., 178; *Campbell* v. *Smith*, 71 id., 26.) But the appellants' counsel contends that the case of *Garnsey* v. *Rogers* (47 N. Y., 233) is authority for the position that no such liability exists if the conveyance is, in fact, a mortgage. That case is distinguishable from this. There, the terms of the defeasance enabled the grantor to annul the conveyance on paying simply the debt which he owed to the grantees, and stress was laid upon that fact in the opinion; in this case Mrs. Gaylord must pay the whole amount of the incumbrances assumed by the defendants, as well as the debt owing to them, in order to acquire the title. So that, in any event, the defendants receive into their hands a fund with which to pay the prior incumbrances — in money, if the terms of the defeasance are complied with — if not, in the land itself, which is worth more than the amount of all the incumbrances. Thus, they become the principal debtors for the assumed incumbrances, as between themselves and Gaylord, and are within the principle of *Burr* v. *Beers.* Had the contract provided that Mrs. Gaylord should be entitled to a conveyance on payment of the defendants' judgment only, the case would have been materially different. Another particular in which *Garnsey* v. *Rogers* differs from this case is, that there the grantor had redeemed, in pursuance of the condition of the defeasance, before the suit was commenced.

We have examined the other exceptions in the case, and are of the opinion that they do not point out any material error. The real question in the case is the one above considered. We think the judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed.