LAURA A. KNOWLES, PLAINTIFF, v. WILLIAM J. ERWIN, DEFENDANT.

*Consideration — when the moral duty of a father to provide for a child is a sufficient one — when a contract cannot be altered by the parties who made it, without the consent of the persons who are to receive a benefit thereunder.*

On or about February 11, 1866, Jared Erwin, in consideration of natural love and affection and the sum of one dollar, executed and delivered to his son, the defendant, a deed of a farm, and at about the same time executed and delivered to him a bill of sale of all of his personal property. The defendant thereupon

executed and delivered to Jared a contract, dated February 12, 1866, in which he undertook and agreed to pay the plaintiff, a daughter of Jared, $500, without interest, payable $100 annually, payment to commence November 15, 1879. In October, Jared delivered the paper to a son-in-law to be kept safely, and subsequently the same was delivered to the plaintiff, who brought this action to recover the $500, with the interest accrued thereon.

*Held*, as it was quite evident from the papers executed that it was the purpose of the father to make a distribution of his estate between his children, that the relation of parent and child which existed between Jared and the plaintiff was a sufficient consideration to support the promise of the defendant.

That the plaintiff was entitled to maintain an action to recover the amount which the defendant had promised to pay to her.

It was alleged in the answer that a subsequent agreement was made between Jared and the defendant, by which the defendant was released from paying the plaintiff the $500.

*Held*, that it was to be inferred that the contract was delivered to the son-in-law for the benefit of the plaintiff and other daughters of Jared, to whom by its terms money was to be paid, and that at that time it became an executed gift, and the rights of the daughters thereby became fixed and could not thereafter be altered by Jared and the defendant without the daughter's consent.

MOTION by the defendant for a new trial, upon a case and exceptions, ordered by the court to be heard in the first instance at the General Term after a verdict had been directed at the Livingston Circuit in favor of the plaintiff.

*Noyes & Noyes*, for the plaintiff.

*F. C. Peck*, for the defendant.

HAIGHT, J.:

Jared Erwin was the father of the plaintiff and defendant. On or about the 11th day of February, 1866, he executed and delivered to his son, the defendant herein, a deed of his farm, consisting of about 100 acres of land, in consideration of natural love and affection and the sum of one dollar, and, at about the same time, executed and delivered to him a bill of sale of all of his personal property. The defendant thereupon executed and delivered to Jared Erwin a contract dated February 12, 1866, in which he undertook and agreed to pay the plaintiff $500, without interest, payable $100 annually, payment to commence November 15, 1879. Subsequently, and in the month of October, Jared Erwin delivered the paper to one Carroll M. Humphrey, a son-in-law, to be kept safely, and subsequently the same was delivered to the plaintiff.

This action was brought to recover the $500, with the interest accrued thereon. At the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, on the ground that no cause of action was made out against the defendant; that the plaintiff had failed to prove any interest in the contract. This motion was denied, and the case was opened for the defendant, whereupon the plaintiff moved for judgment; thereupon the court held and decided that the answer did not set up a defense to the action, and directed a verdict for the plaintiff for the amount due under the contract. The answer, in substance, alleged a subsequent agreement between Jared Erwin and the defendant, in and by which the defendant was released from paying the plaintiff the $500 under the contract sued upon. The questions thus presented are, first, whether the plaintiff can maintain an action under the contract; and, second, whether or not the subsequent agreement alleged to have been made between the father and son is available as a defense.

It is contended, in the first place, that there was no privity of contract between the plaintiff and defendant; that the relation of creditor and debtor did not exist between Jared Erwin and the plaintiff; that he owed her no legal duty; and that, consequently, she could not maintain the action upon the contract.

It is true that the relation of creditor and debtor did not exist, but that of parent and child did, and it is quite evident, by the papers executed, that it was the purpose of the father to make a distribution of his estate between his children. And where such relationship exists, it has always been held to present a sufficient consideration to support the promise. (*Dutton* v. *Pool*, 1 Ventris, 318–332.)

The child is the proper object for the bounty of the parent, and, in the final distribution of the parent's estate, he is deemed under a moral duty to provide for it. This doctrine was even recognized by COMSTOCK, J., in his dissenting opinion, in the case of *Lawrence* v. *Fox* (20 N. Y., 268, 279). The consideration being such as is recognized by the courts, the case presents the simple question of a promise from one person to another to pay a debt to a third person. The right of the third person to recover of the promissor for such debt is unquestioned. (*Dutton* v. *Pool, supra; Schemerhorn* v. *Vanderheyden*, 1 Johns., 139 ; *King* v. *Whitely*, 10 Paige,

465; *Lawrence* v. *Fox*, 20 N. Y., 268; *Burr* v. *Beers*, 24 id., 178; *The Rogers Locomotive and Machine Works* v. *Kelley*, 88 id., 234.) We are aware that the case of *Lawrence* v. *Fox* has been distinguished and limited; as, for instance, it has been held that the person for whose benefit the promise was made, cannot maintain an action to enforce the promise, when the promise is void as between the promissor and the promissee, because of the want of consideration or of fraud. (*Dunning* v. *Leavitt*, 85 N. Y., 30; *Crowe* v. *Lewin*, 95 id., 423.) But in all cases to which our attention has been called, not one has attempted to overrule or disapprove of the principle involved in and decided in that case.

In the case of *Wheat* v. *Rice* (97 N. Y., 296), the action was to reform a contract by striking out certain clauses of the contract to pay creditors, which, it was alleged, had been inserted by mistake of the scrivener and without the knowledge or consent of the parties. It was held that the creditors were not necessary parties, and that their appeal was properly dismissed. That a creditor of a firm cannot maintain an action upon an agreement made with the firm by one not a member, to pay a portion of the firm's indebtedness, as no one creditor can show from the contract that it was intended for his benefit or covers any part of his debt. It will readily be observed that this case is not in conflict with *Lawrence* v. *Fox.*

Upon the second question, as we have seen, the contract had been delivered to Humphrey. Jared Erwin had other daughters to whom money was to be paid under the contract. The inference is that it was delivered to him for their benefit, and that at that time it must be considered as an executed gift. If, as we have seen, the consideration was valid and sufficient to support the promise, then the rights of these daughters, on the delivery of the instrument, became fixed, and Jared Erwin and the defendant were thereafter powerless to change the same without their consent.

It would, consequently, follow that the trial court properly disposed of the case, and that the motion for a new trial should be denied and judgment ordered for the plaintiff on the verdict.

BRADLEY, J., concurred.

Motion for new trial denied and judgment ordered for the plaintiff on the verdict.