### MEYER et al. v. STITZ et al.

*(City Court of New York, Trial Term. March 24, 1890.)*

RELEASE AND DISCHARGE—EVIDENCE.

> A promise by a third person that, if one of several creditors would release his claim against the debtors, the promisor would settle the balance of the debt, where the debtors were not present, and took no part in the arrangement, is not a release of the debt, though the creditor in question assented.

Action by George H. Meyer and others against Lena Stitz and others, for the price of goods sold and delivered. Defendants pleaded a release, and introduced evidence of a conversation, not in defendant's presence, between one J. F. Cullman, a third person, and plaintiff Meyer, to the effect, as detailed by Cullman, that he proposed that, if Meyer would release his claim against defendants, he (Cullman) would settle the residue of the amount which defendants owed plaintiffs for the goods, and that Meyer agreed to the arrangement. A verdict was directed for plaintiffs.

*Richard M. Henry,* for plaintiffs.     *Samuel W. Weiss,* for defendants.

McADAM, C. J. The elementary writers agree that, in general, persons who are not parties to a contract have no concern with it. Bish. Cont. § 716; 1 Hil. Cont. 422. The position so often found in the books that, where a promise is made to one for the benefit of another, he for whose benefit it was made may bring an action for the breach of it, has to a large extent ceased to be the law in England, (Metc. Cont. 205;) and Chitty says it is now clearly settled that a mere stranger to the consideration cannot enforce performance of the contract by an action thereon in his own name, although he be the party avowedly intended to be benefited thereby, (Chit. Cont., 11th Amer. Ed., 74.) The principle has also been somewhat modified in this country. The exception to the rule, as stated, seems to be that an action of *assumpsit* for money had and received (a sort of equitable action) will lie whenever the defendant has in his hands money which in equity and good conscience belongs to the plaintiff. Cases of relationship also formed an exception, but it has ceased to be such. *Tweddle* v. *Atkinson,* 1 Best & S. 393. The doctrine of *Lawrence* v. *Fox,* 20 N. Y. 268, does not apply. All that case decides is that where one person loans money to another upon his promise to pay it to a third party, to whom the person so lending the money is indebted, the con-

tract thus made by the lender is for the benefit of his creditor, and the latter can maintain an action upon it without proving an express promise to himself from the party receiving the money. *Garnsey* v. *Rogers*, 47 N. Y. 233. See, also, *Wheat* v. *Rice*, 97 N. Y. 296; *Serviss* v. *McDonnell*, 14 N. E. Rep. 314; *Berry* v. *Brown*, Id. 289. Indeed, Cullman could have exonerated the plaintiffs from any obligation that might have disabled them from suing the defendants. No money was paid and no release executed, and the contract relation of "releasor and releasee" was never formed in the sense applicable to the defendant's plea, nor were they in a legal sense parties or privies to the arrangement which is claimed to have extinguished the debt. The defendants have not been injured to any extent by any act of the plaintiffs, nor have the plaintiffs been benefited by any act of the defendants, or of any one on their behalf. If Cullman has suffered any inconvenience, he must seek his appropriate remedy for it. Even in *Lawrence* v. *Fox*, *supra*, the party receiving the money was treated as an agent of the person for whom he assumed to act, and in this way was treated as privy to the agreement to pay over. In this case the plaintiffs received nothing to pay over, and there was nothing given Cullman to pay over. There was no agency created by the transaction, or proved to have been conferred outside of it. In fact, so far as the proof discloses, the defendants did not know of the transaction said to have operated as a release, until they interposed their plea setting it up. There was no accord with or without satisfaction, and no release or extinguishment of the debt in suit. The verdict was properly directed, and the motion for a new trial must be denied, but without costs.