MICHAEL O'NEIL, Respondent, *v.* HUDSON VALLEY ICE COMPANY, Appellant.

*Contract — a reservation by one party of the right to pay workmen employed by the other — no privity created.*

In a contract, by which the party of the first part, as "agent," contracts to do certain work for the party of the second part and to pay all the expense thereof, and the party of the second part agrees to pay the contractor at a certain specified rate as the work proceeds, retaining a certain percentage until the completion of the work, a provision that "the party of the second part also reserves the right to pay the men on above contract and keep the men's time," does not impose an obligation upon the party of the second part to pay, upon a *quantum meruit,* the men employed by the contractor on the work, nor does it create a privity between such party and the workmen.

Nor does such a provision in a contract authorize the contractor, in employing men to perform the work, to bind the party of the second part, to pay for their services, by any statement made by him to the men.

APPEAL by the defendant, The Hudson Valley Ice Company, from a judgment of the County Court of Albany county in favor of the plaintiff, rendered upon an appeal (for a new trial) from the judgment of the City Court of Albany, and entered in the office of the clerk of Albany county on the 14th day of June, 1893, and also from an order denying the defendant's motion for a new trial made upon the minutes.

The plaintiff recovered a judgment in the City Court of Albany, and the County Court on appeal, on a new trial, directed a verdict for the plaintiff, on which judgment was entered, from which judgment the defendant appealed to this court.

*George H. Stevens,* for the appellant.

*John A. Stephens,* for the respondent.

MAYHAM, P. J.:

This action is brought by the plaintiff to recover for alleged services rendered in filling an ice house for the defendant.

On the 30th day of December, 1892, Thomas Mullon, agent, entered into a contract, in writing, with the defendant, in consideration of the sum of twenty-two cents per ton, to scrape, cut, convey and house all the ice necessary to fill the ice house belonging to the defendant, situated at the corner of Bridge street and Broadway, and when harvest is complete to return defendant's tools and implements to the dock near the elevator, and to pay all expense from start to finish, except for coal necessary for the engine, and to pay the defendant one dollar and twenty-five cents per day for what horses he hires of it, and to accept seventy-five per cent of pay for what is harvested weekly, and to do all things subject to the requirements of the defendant.

The defendant agrees to pay Mullon twenty-two cents per ton of forty-five cubic feet. The defendant also reserves the right to pay those employed on the contract and keep their time, and as soon as the job is completed to pay the balance of the contract price.

The case discloses the fact that the ice furnished amounted, at the contract price, to $2,200, of which sum the defendant had paid $2,056.93 to the employees, leaving a balance on the contract price due from the defendant of $143.07.

But it is insisted that the defendant is liable, under this contract, to pay the laborers on this job for all the work performed by them, and that seems to be the theory upon which the learned trial judge proceeded in directing the verdict in this case, and that contention is sought to be maintained under this provision of the contract: "The party of the second part also reserves the right to pay the men on above contract and keep the men's time."

We do not think that this contract, taken as a whole, will bear any such construction. It is not quite clear why this provision was incorporated in the contract; but it is quite obvious that this volition reserved to the defendant was not intended to nullify the other provisions in it, which regulated the price to be paid for this work, and obligated Mullon, or the unknown principal whom he represented, "to pay all the expense from start to finish," and turn the contract into an obligation on the part of the defendant to pay upon a *quantum meruit* the very expenses which Mullon had contracted to pay, nor did it authorize Mullon, in employing the men to perform this work, to bind defendant to pay for their services by any statement made by him to them.

The case is not analogous in principle to that of *Kingsbury* v. *Earle* (27 Hun, 141). That was a case where the father conveyed land to his son, with an express covenant on the part of the son to pay all his father's debts; and the amount of the debts, and not the nominal consideration in the deed, was deemed to be the actual consideration agreed to be paid by the son.

No such agreement was made by the defendant in this case by the written contract. Nor does this case come within the principle of the cases cited by the respondent, where a party having money in his hands due to another, pays part of it on the debts of the other, from which a trust is sometimes presumed in favor of other creditors. (*Cock* v. *Moon*, 18 Hun, 31, and other cases cited by the respondent on this point.)

Under this written contract there was no privity between the defendant and the plaintiff's assignors. They were employed by

Mullon, who was only authorized to act under the contract for himself, and not as the agent of the defendant. Nor is the case like that of *Lawrence* v. *Fox* (20 N. Y. 268); that was a case where the defendant *agreed* to pay a third person for the benefit of the plaintiff. In the case at bar there was no agreement made by the defendant to pay a third person, but only a reservation of the *privilege* by the defendant to pay to the extent of its liability to Mullon.

The case is more clearly analogous to that of *Lorillard* v. *Clyde*, (122 N. Y. 502), which was distinguished from *Lawrence* v. *Fox* (*supra*). In *Wheat* v. *Rice* (97 N. Y. 302) it was held that the principle of the case of *Lawrence* v. *Fox* (*supra*) should be limited to cases having the same essential facts. Under such limitation it cannot be extended to this case.

We think the trial court erred in admitting the evidence of communications made by Mullon to plaintiff's assignors at the time of employing them, that the company would pay them. In doing so he acted without authority from the defendant, and his statements were but hearsay, and should have been excluded on the objection of the defendant. (*Happy* v. *Mosher*, 48 N. Y. 313.)

There was perhaps a sufficient dispute upon the facts in this case to have justified sending it to the jury. But as both parties called upon the court to direct a verdict, and the defendant made no request to submit that dispute to the jury, that question cannot be raised here. (*Dillon* v. *Cockcroft*, 90 N. Y. 649.)

We think, for the reasons hereinbefore stated, the trial court erred on the trial of this action, and for that reason a new trial should be ordered in the County Court.

The judgment must be reversed and a new trial ordered in the Albany County Court, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.