NEWKIRK, Respondent, v. HOOKER et al., Appellants. (City Court of New York, General Term. January 12, 1895.) Action by Abraham Newkirk against Walter H. Hooker and others. William B. Dowd, for appellants. Abram Kling, for respondent.

FITZSIMONS, J. Under section 779 of the Code of Civil Procedure, all proceedings on defendants' part were stayed until the costs provided for by the order of October 30, 1894, were paid. That plaintiff did not waive such stay is evident by the notice served by his attorney on November 13, 1894. His subsequent appearance to oppose a motion made by defendants' attorney I think cannot be construed as a waiver, in view of the notice above referred to. He did not comply with said order by paying said costs until November 27th, and then for the first time had a right to appeal from the order of November 13th. It was then too late for them to appeal, more than 10 days having elapsed, and their notice of appeal was properly returned. The order appealed from must therefore be affirmed, with costs.

NEW YORK CENT. & H. R. R. CO., Respondent, v. PATTEN, Appellant. (Supreme Court, General Term, Fourth Department. September, 1894.) Application of the New York Central & Hudson River Railroad Company against Harry S. Patten, an attorney and counselor at law. No opinion. Order affirmed, with $10 costs and disbursements.

NEW YORK & B. FERRY CO., Appellant, v. MAYOR, ETC., OF CITY OF NEW YORK, Respondent. (Supreme Court, General Term, First Department. December 14, 1894.) Action by the New York & Brooklyn Ferry Company against the mayor, etc., of the city of New York. No opinion. Judgment affirmed, with costs on opinion upon previous appeal.

NITSH v. AMERICAN CENT. INS. CO. (Supreme Court, General Term, Second Department. December 10, 1894.) Action by August Nitsh against the American Central Insurance Company. No opinion. Judgment affirmed.

NORTON et al., Respondents, v. MATTHEWS et al., Appellants. (Superior Court of New York City, General Term. January 7, 1895.) Action by Benjamin A. Norton and others against James W. Matthews and others to set aside an assignment as fraudulent, and for other relief. For opinion of trial judge at equity term, see 28 N. Y. Supp. 265.

PER CURIAM. The appellants having failed to print the evidence given upon the trial by the parties, the findings of fact made by the learned trial judge must be deemed to have been made upon sufficient evidence. The only question raised by the appeal, therefore, is whether the conclusions of law are warranted by the facts as found. Upon a careful consideration of this question we think they are. The judgment should be affirmed, with costs, upon the opinion filed below.

O'HARA, Respondent, v. THIRD AVE. R. CO., Appellant. (Superior Court of New York City, General Term. January 7, 1895.) Appeal from jury term. Action by Patrick O'Hara against the Third Avenue Railroad Company. Hoadly, Lauterbach & Johnson (William N. Cohen and Henry L. Scheuerman, of counsel), for appellant. Charles Steckler (Alfred Steckler, of counsel), for respondent.

FREEDMAN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant. The plaintiff, on March 6, 1892, while in the act of sweeping Third avenue, as an employe of the street-cleaning department of the city of New York, was struck by the horses attached to a car belonging to the defendant, knocked down, and severely injured. A careful examination of the whole case shows that, under the peculiar circumstances of this case, the questions of defendant's negligence and of plaintiff's contributory negligence were questions of fact, for the jury; that they were properly submitted; and that no sufficient reason exists for which the judgment or order denying defendant's motion for a new trial should be disturbed. The judgment and order should be affirmed, with costs.

O'NEIL, Respondent, v. HUDSON VAL. ICE CO., Appellant. (Supreme Court, General Term, Third Department. December 4, 1894.) Action by Michael O'Neil against the Hudson Valley Ice Company. No opinion. Judgment affirmed, with costs. See 26 N. Y. Supp. 598.

PALMER, Appellant, v. LEONARD, Respondent. (Supreme Court, General Term, Fifth Department. December 27, 1894.) Action by Marion J. Palmer against Wesley D. Leonard. No opinion. Judgment of the county court of Steuben county appealed from affirmed.

PEETSCH v. QUINN et al. (City Court of New York, General Term. December 17, 1894.) Action by Henry C. L. Peetsch against William H. Quinn and Michael H. Curran. For former report, see 27 N. Y. Supp. 323. Johnston & Johnston, for appellant. Michael H. Curran, in pro. per.

PER CURIAM. A careful examination of the affidavits and authorities submitted on this appeal satisfies us that the court below was right, and that the order appealed from should be affirmed, with costs.

PEOPLE, Respondent, v. BROCKETT, Appellant. (Supreme Court, General Term, Fourth Department. September, 1894.) No opinion. Plaintiff allowed 20 days in which to make a case, and serve upon the district attorney, and the district attorney allowed 10 days in which to propose amendments. If case is not so made and served, conviction and judgment of the Herkimer sessions affirmed.

PEOPLE v. HERM et al. (Supreme Court, General Term, First Department. December 14, 1894.) No opinion. Motion granted.

PEOPLE, Respondent, v. POWERS, Appellant. (Supreme Court, General Term, Fifth Department. December 27, 1894.) No opinion. Interlocutory judgment appealed from affirmed, with costs, on the opinion of Rumsey, J., at special term (29 N. Y. Supp. 950), with leave to the defendant to withdraw demurrer and answer over within 20 days, on payment of the costs of the demurrer and of this appeal.

PEOPLE ex rel. ALDRIDGE, Appellant, v. HUGHES, Respondent. (Supreme Court, General Term, Fourth Department. September, 1894.) Proceeding on the relation of David Aldridge, as superintendent of the poor of Oneida county, against John P. Hughes. No opinion. Order affirmed.