(108 App. Div. 228.)

### LEDERER v. LEDERER.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. REFERENCE—REPORT OF REFEREE.

    Under Code Civ. Proc. § 1022, providing that the report of a referee on the trial of the whole issues of fact "must" state separately the facts found and the conclusions of law, a report containing numbered paragraphs, but not stating anywhere that the referee has found any facts as such, or any conclusions of law, and in fact not separately stating the facts found and conclusions of law, nor in form finding either, will not sustain a judgment.

    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, § 134.]

2. SAME—TERMINATION.

    An invalid report amounts to no report, within Code Civ. Proc. § 1019, providing that on a trial by a referee his report must be filed or delivered within 60 days of final submission of the case, and, if not, either party may, before it is filed or delivered, terminate the reference.

3. WITNESSES—EVIDENCE TO DISCREDIT.

    The testimony of an adverse witness may be discredited by his prior affidavit inconsistent with his testimony.

    [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1251.]

4. SAME.

    Defendant in a divorce suit may discredit plaintiff's witness by proving on his cross-examination his declarations to the effect that he was

trying to help plaintiff get a divorce, and that he and defendant had disagreements in business, and he was trying to get even with him by helping plaintiff.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1194.]

Appeal from Order Entered on Report of Referee.

Action by Adele R. Lederer against George W. Lederer. From an interlocutory judgment and from an order denying a motion to sustain exceptions to a referee's report and to vacate an order of reference, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. R. Limburger, for appellant.
G. Glenn Worden, for respondent.

McLAUGHLIN. J. This action was brought to procure an absolute divorce on statutory grounds. After issue had been joined, the matter was sent to a referee to hear and determine, and after protracted hearings the case was finally submitted to him on the 9th of August, 1904. On the 7th of October following he delivered an alleged report to the plaintiff's attorney, which was filed in the proper clerk's office on the 13th of the same month. On the 10th of October (more than 60 days after the case was finally submitted to the referee) the defendant's attorney attempted to terminate the reference, and subsequently moved to sustain the exceptions filed to the report and to vacate the reference, while the plaintiff's attorney moved to overrule the exceptions and for judgment on the report. Both motions were heard together. The exceptions were overruled, the motion to vacate denied, the motion to confirm granted, and an interlocutory judgment entered adjudging that the plaintiff was entitled to a final judgment dissolving the marriage contract, awarding her alimony and the custody of a son, the only issue of the marriage, and defendant has appealed.

We are of the opinion the judgment and order overruling the exceptions should be reversed. The alleged report of the referee did not conform to section 1022 of the Code of Civil Procedure, as amended by chapter 85, p. 237, of the Laws of 1903, and it was insufficient to constitute the basis of a valid judgment. This section provides that the decision of the court or the report of a referee upon the trial of the whole issues of fact must state separately the facts found and the conclusions of law. The word "must" was substituted by the amendment of 1903 for the word "may," which had been in the section since 1894. The amendment of 1903 went into effect on the 1st of September of that year, and was, therefore, applicable to the report here made. This substitution indicates a legislative intent as to what a decision or report should contain, and makes it imperative upon the court or referee to state separately the facts found and conclusions of law, and if the same be not so stated the report or decision is insufficient to support a judgment. This report did not separately state the facts found and conclusions of law, nor did it in form find either. It is directed to the Supreme Court of the county of New York, and recites that:

"Pursuant to an order of this court, * * * referring it to me to hear and determine the issues in this action, I, the undersigned, as referee, report."

Then followed different paragraphs, numbered 1 to 19, inclusive, some of which the referee may have intended as findings of fact and some as conclusions of law; but, if so, there is nothing in the report by which such intentions can be ascertained. The purpose of requiring the findings and conclusions of law to be separately stated and designated is, as pointed out in Jefferson County National Bank v. Dewey, 181 N. Y. 98, 73 N. E. 569, to enable the defeated party to take proper exceptions and to enable the court, in case an appeal be taken, to determine what facts the referee did find and whether they sustained the legal conclusions. There is no way by which this can be determined from the report here made, because, as already indicated, the paragraphs are not separately stated or designated as facts or conclusions of law.

The order of reference required the referee to determine the issues involved. This he did not do, except in so far as that may be inferred from the conclusion of his report, in which he directs judgment for the plaintiff, and this is insufficient. It commences with the words, "I, the undersigned, as referee, report," and ends with the direction of judgment for the plaintiff. The referee does not state anywhere in his report that he has found any facts as such, or any conclusions of law. There are no facts separately stated, numbered, and designated as findings of fact, nor are there any conclusions of law separately stated, numbered, and designated as such, and for aught that appears the report is a mere expression of the opinion of the referee, instead of findings, as the order of reference and the statute require. The report was unauthorized, ineffectual, and cannot form the basis of a valid judgment. The defendant's exceptions, therefore, should have been sustained.

A report such as the statute requires not having been filed with the clerk or delivered to the attorney for the plaintiff within 60 days from the time when the cause was finally submitted, the defendant's attorney, after serving the notice required, moved to vacate the reference. The motion should have been granted. Section 1019 of the Code of Civil Procedure provides that upon the trial by a referee of an issue of fact or an issue of law, the referee's report must be either filed with the clerk or delivered to the attorney for one of the parties within 60 days from the time when the cause or matter is finally submitted, and, if it is not, then either party may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference, and in such case the action must thenceforth proceed as if the reference had not been directed. A valid report was not made within 60 days after the cause was finally submitted, nor was one filed or delivered before the defendant made his motion to terminate the reference. The defendant, therefore, was entitled to have his motion granted.

The issues involved were sharply contested by the respective parties, and the evidence taken constitutes several hundred printed pages. The conclusion reached, however, renders it unnecessary

to pass upon the merits or determine whether the evidence is sufficient to justify a finding that the defendant has committed adultery, as alleged in the complaint. Numerous errors are alleged, both in the exclusion and reception of evidence, some of which, at least, would require very serious consideration; but, inasmuch as there must be a new trial and these questions may not be again presented, we have deemed it unnecessary to pass upon all of them, contenting ourselves with calling attention to only a few. One of the principal witnesses against the defendant was Jordan. He was shown to have been friendly with the plaintiff and hostile to the defendant. Prior to the commencement of this action, in another proceeding between the same parties, Jordan made an affidavit, which was verified on the 6th of November, 1902, in which he stated he had been very intimate with the defendant, had known his general habits, and knew of no instance in his entire career where the defendant had been guilty of any immoral act of any kind. A portion of the testimony which he gave tended to show familiar and improper relations with the co-respondent prior to the time the affidavit was verified, and at the conclusion of the cross-examination the defendant sought to introduce the affidavit in evidence. This was excluded, because, according to the statement of the referee:

"The witness was on the stand himself, and I cannot admit an affidavit of a witness, not taken after judicial proceedings were commenced, when the witness was on the stand himself; the affidavit appearing to be a voluntary one."

The purpose of introducing the affidavit was to show that the statements in it were inconsistent with his testimony. It does not need the citation of authorities to show that a party can always discredit the testimony of an adverse witness by proving that he has made statements, either oral or written, inconsistent with the testimony which he has given. The affidavit was identified, its genuineness was not disputed, and it should have been admitted.

Defendant also sought to prove, by various questions on the cross-examination of Jordan, declarations that he had made to the effect that he was trying to help plaintiff to get a divorce; that he and the defendant had had disagreements over business matters, and he was trying to get even with him by aiding the plaintiff. This testimony should have been admitted. Defendant had a right to show the state of feeling of Jordan, the interest he had taken in the litigation, what he had done with reference to procuring witnesses, or anything else relating to the subject-matter of the action, to the end that the referee might intelligently pass upon the credibility of his testimony.

The judgment and order appealed from, therefore, must be reversed, the referee discharged, and a new trial ordered before another referee. All concur.