## MOORE v. MARTINE.

### (Supreme Court, Appellate Term. December 12, 1907.)

1. APPEAL—REVIEW—SCOPE—EVIDENCE NOT DISCLOSED.

   Where an appeal from a judgment on a referee's report does not disclose the evidence, the referee's findings will be presumed to have been based upon sufficient evidence, and the appellate court will only determine whether the conclusions of law are warranted within the pleadings by the facts found.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3762.]

2. REFERENCE—FINDINGS—BASIS.

   Findings must be upon the issues of a case, and a referee should not allow a claim forming a cause of action distinct from the one on which issue was taken.

3. APPEAL—PRESUMPTIONS.

   In an action for "money loaned," the referee found that plaintiff loaned defendant money "and advanced or expended * * * money" for him. *Held*, on appeal, that no evidence being disclosed, and no objection to the testimony appearing, it must be assumed the finding was based upon testimony admitted either properly or without objection, and that the facts proved a good cause of action without objection, and the case may be disposed of as though the pleading had been amended on the trial to conform to the proof.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 3762.]

**4. SAME—REVIEW—FINDINGS—RECONCILIATION.**

Though a referee's findings are apparently inconsistent, the appellate court should reconcile them, if possible, and give effect to the referee's real intent in making them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3769.]

**5. REFERENCE—FINDINGS—SUFFICIENCY.**

Where, in an action for money, the referee found that plaintiff loaned "various sums of money to the defendant, and advanced or expended various sums" for him, as set forth in a schedule, which set out various items, without showing whether they were for money lent or for money advanced or expended, and concluded that defendant owed plaintiff the gross sum claimed, there was sufficient compliance with Code Civ. Proc. § 1022, requiring a referee's report to state separately the facts found and the conclusions of law, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Reference, § 134.]

Appeal from City Court of New York.

Action by Clara L. Moore against Randolph B. Martine. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

William L. Flagg, for appellant.
Herman J. Witte, for respondent.

GILDERSLEEVE, P. J. This is an appeal from a judgment entered on the report of a referee in favor of plaintiff. As the case on appeal does not contain any of the evidence, the Appellate Term cannot review the case on the facts, but must consider only the alleged errors of law raised by the exceptions to the report. All the findings of fact of the referee will be assumed to be based upon sufficient evidence, and we have only to determine whether the conclusions of law are warranted, within the pleadings, by the facts found. Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Norton v. Matthew, 11 Misc. Rep. 711, 31 N. Y. Supp. 1131; Stoddard v. Whiting, 46 N. Y. 627.

The only two exceptions urged on the appeal are that the report does not state the facts separately, as required by section 1022 of the Code of Civil Procedure and that the facts found are not within the pleadings. The complaint alleges that:

"On October 10, 1904, defendant was indebted to plaintiff in the sum of $1,400 on account for money lent by the plaintiff to said defendant at different times and in various amounts between October 10, 1901, and January 22, 1904, inclusive, which said sum the defendant promised to repay on demand, with interest."

The complaint also alleges a demand and nonpayment. The answer is a general denial, except that it admits the making of a demand by plaintiff and the nonpayment by defendant. The issues were tried before the referee, who in his report found as follows:

"(1) That the plaintiff, between the 10th day of October, 1901, and the 25th day of January, 1904, loaned various sums of money to the defendant, and advanced or expended various sums of money for the defendant, at his request, as set forth in the schedule hereto annexed and marked 'A,' and at or about the several times therein specified. (2) That no part of the amount so loaned, advanced, or expended has been paid, although duly demanded."

The schedule annexed to the report gives some 38 items, but does not state as to any one of them whether it is an item for money lent or an item for money advanced or expended for defendant. The conclusion of law, set forth in the report, is as follows:

"(1) That defendant is indebted to the plaintiff in the sum of $1,400, and that the plaintiff is entitled to judgment for that amount, with interest on the sums specified from the respective dates on which the same were loaned or expended to the entry of judgment herein, together with the costs and disbursements of the action, to be taxed."

Taking the facts, as found to be based upon sufficient evidence, as we must where the case on appeal does not contain the testimony, we see that the conclusion of law is warranted by such facts. There remain, however, to be considered the questions: (1) Are the findings of fact within the pleadings? and (2) does the report comply with the requirements of the Code with respect to stating the facts separately?

Defendant urges that claims for money lent "and money advanced or expended for" are separate causes of action requiring different forms of pleading and involving distinct defenses, and that the allegations of the complaint do not cover a claim for "money advanced or expended for" defendant, but simply set forth a cause of action for money loaned, and that consequently evidence as to money advanced or expended would have been inadmissible under the pleading, and the referee could not find legally for plaintiff on that claim. It is true that findings must be upon the issues of the case, and that a referee should not allow a claim which was a cause of action distinct from the one on which issue was taken. In the case at bar, we are, of course, unable to say whether the testimony, upon which the finding for "money advanced or expended for defendant" was based, was admitted without objection at the trial; but certainly no exception in that regard is before us, and we are to assume when the case on appeal contains none of the evidence, that the finding of the referee is based upon testimony either properly admitted or at least admitted without objection. We may therefore conclude that, while the complaint may not have covered the case as proved, the facts in the case proved a good cause of action, without objection to the evidence; and the rule is settled, in such cases, that the case on appeal may be disposed of as though the pleading had been amended on the trial to conform with the proof. Tisdale v. Morgan, 7 Hun, 583; Howell v. Grand Trunk R. R. Co., 92 Hun, 427, 36 N. Y. Supp. 544; Tyng v. House Co., 58 N. Y. 313. Even when the findings of the referee are apparently inconsistent, it is the duty of the appellate court to reconcile them, if possible, and to give effect to the real meaning and intent of the referee in making them. Health Department v. Purdon, 99 N. Y. 237, 1 N. E. 687, 52 Am. Rep. 22.

Defendant further urges that the referee should have stated separately how much he found due for money loaned and how much he found due for money expended or advanced. It has been held that the report of the referee, appointed to hear and determine the issues arising in an action, which does not state the facts found and conclusions of law, as required by section 1022 of the Code, is insufficient to constitute the basis of a valid judgment. Lederer v. Lederer, 108 App.

Div. 228, 95 N. Y. Supp. 623. The section of the Code in question provides as follows:

"The decision of the court or the report of a referee, upon the trial of the whole issues of fact, must state separately the facts found and the conclusions of law," etc.

It seems to us that the referee in the case at bar has sufficiently complied with the requirements of the statute. The evidence is presumed to have shown that plaintiff loaned, advanced, or expended for the defendant the sum of $1,400, as set forth in the schedule annexed to the report, which fact is stated in the first finding of fact. The evidence also presumably showed that no part of these sums so loaned, advanced, or expended for defendant has been paid, although duly demanded, which fact is stated in the second finding of fact. Then the referee sets forth separately his conclusions of law that defendant is indebted to plaintiff in said sum of $1,400 and that plaintiff is entitled to that amount, with interest, etc. We fail to see any sufficient reason for disturbing the judgment, which should be affirmed, with costs.

Judgment affirmed, with costs. All concur.